IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LELEN BONDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  09-3216 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Lelen Bonds's Memorandum in Support of 28 U.S.C. § 2255 Relief (Motion) (d/e 1).[1] Respondent filed Government's Response to Petitioner's § 2255 Motion (d/e 4).  Petitioner was given until November 27, 2009, to file a reply brief, but has not done so.  Accordingly, this matter is fully briefed and ripe for adjudication.  For the reasons described below, Petitioner's Motion is denied.

---

[1] It does not appear that Petitioner filed an actual Motion, but the Court construed his Memorandum as such.  See Order of September 4, 2009 (d/e 3).

1

## FACTS

On January 29, 2007, a Government informant wired with video and audio surveillance equipment purchased 1.1 grams of crack cocaine from Petitioner in Quincy, Illinois. Central District of Illinois Case No. 07-30030, Transcript of Proceedings Dated June 21, 2007 (d/e 19), p. 17. A grand jury on April 4, 2007, indicted Petitioner on one count of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). Central District of Illinois Case No. 07-30030, Indictment (d/e 1). On April 11, 2007, the Court appointed Assistant Federal Public Defender Douglas Beevers to represent Petitioner, who pleaded not guilty to the Indictment that same day. Central District of Illinois Case No. 07-30030, Minute Entry of April 11, 2007. Assistant Federal Public Defender Karl W. Bryning joined the case April 19, 2007, relieving Beevers and taking over as Petitioner's counsel of record. Central District of Illinois Case No. 07-30030, Docket Entry of April 19, 2007.

In May 2007, Petitioner decided to change his plea. Central District of Illinois Case No. 07-30030, Text Order of May 25, 2007. On June 21, 2007, Petitioner pleaded guilty in an open plea to the Indictment before U.S. Magistrate Judge Byron G. Cudmore. Central District of Illinois Case

No. 07-30030, Transcript of Proceedings Dated June 21, 2007 (d/e 19), p. 19-20. This Court accepted Petitioner's plea of guilty on July 20, 2007. Central District of Illinois Case No. 07-30030, Text Order of July 20, 2007.

The U.S. Probation Office prepared a Presentence Investigation Report (PSR), and revised it twice prior to Petitioner's sentencing hearing on December 17, 2007. See Central District of Illinois Case No. 07-30030, PSR (d/e 13). Petitioner's initial base offense level was 16, with a 3-point reduction for acceptance of responsibility. Id., ¶¶ 10, 16. However, the PSR revealed that Petitioner had two prior felony drug convictions, qualifying him as a career offender under the U.S. Sentencing Guidelines, and giving him a base offense level of 34. Id., ¶ 18. After the 3-point acceptance of responsibility reduction, Petitioner's total offense level was 31. Id., ¶¶ 19-20. Under the U.S. Sentencing Guidelines, this offense level, combined with a Criminal History Category of VI, resulted in an advisory range of 188 to 235 months imprisonment. Id., ¶ 79.

Petitioner objected to portions of the PSR relating to his classification as a career offender. Id., Addendum. Specifically, he argued that an Illinois felony drug conviction contributing to his career-offender status was for possession of a controlled substance, as opposed to possession with intent

to deliver. Id. Despite initially making these objections, Petitioner withdrew them at his sentencing hearing on December 17, 2007. Central District of Illinois Case No. 07-30030, Transcript of Proceedings Dated December 17, 2007, p. 9-10.

On December 17, 2007, this Court held Petitioner's sentencing hearing and adopted the PSR. Id., p. 1. The Government recommended a sentence of 169 months, 19 months fewer than the low end of the Guideline range, because Petitioner had provided substantial assistance to both the Government and the Drug Enforcement Agency. Id., p. 8. The Government also stated that if Petitioner's continuing assistance proved fruitful, it would consider filing a motion to reduce his sentence under Federal Rule of Criminal Procedure 35. Id., p. 8-9. Petitioner's counsel brought to the Court's attention the fact that, but for Petitioner's career-offender status, he would be facing a Guideline range between 33 and 41 months imprisonment. Id., p. 11. Counsel also pointed out that the case involved only a small amount of crack cocaine, and that Petitioner had endured an abusive childhood. Id., p. 11-12.

The Court sentenced Petitioner to a 162-month term of imprisonment, 6 years supervised release, and imposed a $100 special

4

assessment. Id., p. 17-20. Before the Court imposed this sentence, it considered a variety of factors, including the Sentencing Guidelines; the need to avoid sentencing disparities among offenders who committed similar crimes; the recommendations of the Government and Petitioner's counsel; Petitioner's statement to the Court; the small quantity of drugs involved in the offense and in Petitioner's prior offenses; Petitioner's assistance to the DEA; and letters written to the Court on Petitioner's behalf. Id. 15-18. The Court told Petitioner:

> But I am hopeful for you that in the coming months that you'll be able to demonstrate a reason for the Government to come back and ask to have you re-sentenced to lesser time. And they can do that by filing a motion within the next year if your cooperation yields benefits in their view. So I'm hopeful that will come about.

Id., p. 16.

On December 28, 2007, Petitioner timely filed a Notice of Appeal. Central District of Illinois Case No. 07-30030, Notice of Appeal (d/e 16). Attorney Hannah Valdez Garst replaced Bryning as Petitioner's counsel of record on February 21, 2008. Central District of Illinois Case No. 07-30030, Docket Entry of February 21, 2008. However, on April 18, 2008, she filed a motion to withdraw before the U.S. Court of Appeals for the

Seventh Circuit together with an <u>Anders</u> brief, indicating that there was no non-frivolous issue on which to base Petitioner's appeal.  <u>Central District of Illinois Case No. 07-30030</u>, <u>Notice of USCA (d/e 24)</u>.  The Seventh Circuit granted Garst's motion, and gave Petitioner an opportunity to raise issues pro se.  <u>Id.</u>  Petitioner did so, but on July 18, 2008, the Seventh Circuit dismissed his appeal.  <u>Central District of Illinois Case No. 07-30030</u>, <u>Judgment of USCA (d/e 29)</u>.  The Seventh Circuit held that any challenge to Petitioner's sentence would be frivolous.  Petitioner did not petition the U.S. Supreme Court for certiorari.

On August 26, 2009, Petitioner filed the instant matter, alleging violations of his constitutional rights.

## ANALYSIS

Petitioner argues that he was denied effective assistance of counsel, in violation of his Sixth Amendment rights, in two respects.  First, Petitioner asserts that his trial counsel was ineffective because he did not object to the Court basing his sentence on factors outside of 18 U.S.C. § 3553(a).  Second, Petitioner argues that his trial counsel was ineffective by failing to request a sentencing departure based on <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007).  The Government counters that Petitioner's Sixth

Amendment rights were not violated, and that neither argument has merit.

Relief under 28 U.S.C. § 2255 is only appropriate if a petitioner demonstrates "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995); see Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993). To prevail in a § 2255 action, a petitioner must show "a fundamental defect which inherently results in a complete miscarriage of justice, []or an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962) United States ex rel. Peery v. Sielaff, 615 F.2d 402, 404 (7th Cir. 1979).

To prove ineffective assistance of counsel, a petitioner must show: (1) that his attorney's representation was objectively deficient; and (2) that the deficient representation caused him prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient representation, he must prove that his attorney committed errors so serious that his performance could not be considered reasonable under prevailing professional norms. Id. at 688. However, the presumption is that "an attorney's conduct is reasonably proficient." Galbraith v. United States, 313 F.3d 1001, 1008

7

(7th Cir. 2002).  To prove prejudice, a petitioner must prove a reasonable probability that but for his attorney's errors, the outcome of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id.</u>

The Court addresses each of Petitioner's arguments in turn.

I.  <u>SENTENCING FACTORS BEYOND § 3553(a)</u>

Petitioner first argues that his counsel was ineffective because he did not object to "the Court's consideration of a future post-sentencing Rule 35 motion when weighing the sentencing factors in his case."  <u>Memorandum</u>, p.5.

This argument is without merit.  Petitioner cannot establish that his attorney's conduct was objectively unreasonable because the Court did not base Petitioner's sentence on the possibility that the Government would make a Rule 35 motion.  Any objection to this effect would have been frivolous, and failing to raise a meritless argument "cannot be deemed to be unreasonable behavior by an attorney."  <u>Rodriguez v. United States</u>, 286 F.3d 972, 985 (7th Cir. 2002).  As the hearing transcript makes clear, the Court merely mentioned this prospect to Petitioner as encouragement for

8

him to cooperate. "A district court's mere mention of possible future cooperation or the possibility of filing a Rule 35 motion" does not in and of itself mean the sentence was improperly imposed. <u>United States v. Ridge</u>, 329 F.3d 535, 542 (6th Cir. 2003).[2] Here, the Court based Petitioner's sentence on the small quantity of drugs involved, sentences given similar offenders, recommendations of the parties, the Sentencing Guidelines, Petitioner's statement, and support letters written on Petitioner's behalf.

Additionally, even if Petitioner could show some defect in counsel's performance, he cannot prove prejudice. The Court substantially departed from the Sentencing Guidelines when it sentenced Petitioner to a 162-month term of imprisonment, which was 26 months below the low end of the Guideline range, and 7 months below the Government's recommendation. As the Seventh Circuit indicated during Petitioner's direct appeal, any challenge to the reasonableness of this sentence would have been frivolous. See <u>Central District of Illinois Case No. 07-30030, Order of USCA (d/e 29)</u>, p. 3. It follows that Petitioner suffered no

---

[2] As the Government indicates in its Response, the cases Petitioner cites in support of his argument are inapposite because they involved sentencing departures from the Guidelines under U.S.S.G. § 5K1.1 where the courts either did not apply the reduction requested by the Government, or imposed a greater sentence based on possible future reductions for cooperation.

9

prejudice from any alleged failure of counsel to object to the Court's mention of Rule 35.

Petitioner was not denied his Sixth Amendment right to effective assistance of counsel by counsel's decision not to object to the Court mentioning of a potential Rule 35 reduction. Accordingly, his Motion is denied with respect to this claim.

II.     FAILURE TO MAKE *KIMBROUGH* ARGUMENT

Petitioner next asserts that his Sixth Amendment rights were violated when his appointed counsel failed to seek a sentencing departure based on the disparities between powder cocaine and crack cocaine sentences, as outlined in Kimbrough. The Government counters that Petitioner's sentence was not predicated on the sentencing disparity between powder and crack cocaine, but rather on his status as a career offender under the U.S. Sentencing Guidelines.

In Kimbrough, the U.S. Supreme Court held that the Sentencing Guidelines pertaining to cocaine offenses were advisory only, and that district court judges could take into account the Sentencing Guidelines's disparate treatment of powder and crack cocaine offenses when sentencing offenders. Kimbrough, 552 U.S. at 90. However, the Seventh Circuit held

10

that Kimbrough has no effect on sentences imposed under the career offender guidelines contained in U.S.S.G. § 4B1.1. United States v. Welton, 583 F.3d 494, 497 (7th Cir. 2009); United States v. Millbrook, 553 F.3d 1057, 1067 (7th Cir. 2009); United States v. Harris, 536 F.3d 798, 813 (7th Cir. 2008); United States v. Clanton, 538 F.3d 652, 660 (7th Cir. 2008). The underlying principle supporting this policy is the fact that "[u]nlike the crack/powder disparity, the career offender Guideline range *is* the product of a Congressional mandate." Welton, 583 F.3d at 496.

Petitioner's Kimbrough argument thus has no merit, for his sentence was based on his status as a career offender under the Guidelines, and not on the fact that his offense involved crack cocaine. Petitioner fails to meet the first prong of the Strickland test because he cannot show that his counsel's failure to raise a frivolous argument -- that the Court should depart from the Sentencing Guidelines based on Kimbrough -- was objectively unreasonable. Additionally, as discussed above, even if Petitioner could show deficient representation, he cannot prove prejudice because the Court did depart from the Guideline range when imposing his sentence, and the Seventh Circuit held that his sentence was reasonable. Therefore, Petitioner is not entitled to relief on this claim.

## CONCLUSION

Petitioner has not demonstrated that he is entitled to relief on his ineffective assistance of counsel claims, and he has not presented any basis for holding an evidentiary hearing.

Accordingly, Petitioner's Memorandum in Support of 28 U.S.C. § 2255 Relief (d/e 1) is DENIED. All pending motions are DENIED as MOOT. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: December 8, 2009

FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE